Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 435 | **DATE** | 10/29/2001 |
| **CASE TITLE** | Funeral Financial Systems, Ltd. vs. Metropolitan Life Insurance Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, the defendant's motion for summary judgment is GRANTED. [Doc. # 8]. This case is closed and all further motions in this case are terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | Document Number |
| | Notices mailed by judge's staff. | | NOV 0 8 2001 | | |
| | Notified counsel by telephone. | | date docketed | | 19 |
| ✓ | Docketing to mail notices. | | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| vg(lc) | courtroom deputy's initials | 01 NOV -7 PM 2:43 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| Funeral Financial Systems, Ltd. ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 01 C 435 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| Metropolitan Life Insurance Company ) | |
| ) | |
| Defendant. ) | |

DOCKETED NOV 8 2001

## MEMORANDUM OPINION AND ORDER

Before this court is the defendant's, Metropolitan Life Insurance Company ("MetLife"), motion for summary judgment against the plaintiff's, Funeral Financial System, Ltd ("FFS"), complaint alleging claims under state law for intentional misrepresentation and extra-contractual damages. For the reasons stated below, the defendants' motion is GRANTED.

### Statement of Facts

MetLife issued the Federal Employees' Group Life Insurance Policy ("the FEGLI Policy"), Group Policy NO. 17000-G, to the United States Office of Personnel Management ("OPM"), pursuant to the Federal Employees' Group Life Insurance Act ("FEGLI" or the "FEGLI statute"), 5 U.S.C. §§8701-8716. OPM is a United States government agency. The Office of Federal Employees' Group Life Insurance ("OFEGLI") is the administrative unit of MetLife that is responsible for administering the claims process under the FEGLI Policy.

FFS is an Illinois corporation whose business includes advancing funds to funeral directors who have accepted assignments of life insurance proceeds for payment of funeral

1

expenses. The beneficiaries assign their interest in the deceased's life insurance benefits tot he funeral home, which, in turn, reassigns the benefits to FFS. FFS then claims the insurance proceeds from the insurance company.

Ashberry G. Carters ("Carters" or "Insured") was insured under MetLife's FEGLI policy. Carters died on December 6, 1997. Prior to his death, the Insured did not designate a valid beneficiary so, pursuant to FEGLIA's order of precedence, upon the Insured's death the proceeds due under the FEGLI Policy ("Proceeds") became payable to Francis Washington. On January 28, 1998, Francis Washington executed an "Irrevocable Assignment" signing off her rights to the FEGLI proceeds to the to Major H. Winfield Funeral Home, which was subsequently reassigned to FFS.

MetLife received a claim for FEGLI Proceeds from Francis Washington on February 6, 1998. On February 16, 1998, OFEGLI paid the entire amount of Proceeds due ($1,500.00) to Ms. Washington. On March 25, 1998, an OPM employee, Janet McDonald, advised FFS that Carters was insured under the FEGLIA Policy and that there were "sufficient benefits to pay an assignment of $1,500.00." The letter from Janet McDonald ("McDonald") was not sent to MetLife until March 25, 1998. McDonald is not an employee of MetLife.

MetLife moves for summary judgement on the grounds that FFS' state claims are preempted by FEGLI and FEGLI policy prohibits the payment of benefits in excess of the total benefits payable under the Policy.

### Standard of Review

Summary judgment may only be granted when no material question of fact is in dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-252, 106 S.Ct. 2505, 2511-12 (1986). The

2

party moving for summary judgment bears the burden of identifying the evidence that demonstrates the absence of a disputed material issue of fact and establishes that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53 (1986). The evidence must be viewed in the light most favorable to the party opposing the motion, with doubts resolved and all reasonable inferences drawn in favor of the nonmoving party. Anderson, 477 U.S. at 2513. Further, "the inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial level on the merits." Anderson, 477 U.S. at 2512.

**Analysis**

A. FEGLI Preemption of State Law Claim

MetLife argues that FFS' state law claim is preempted by the regulatory scheme that controls the FEGLI Policy. And under such law, payment of benefits in excess of those payable under the FEGLI Policy, such as those claimed by FFS, are precluded. This court agrees.

In 1980, Congress amended FEGLIA, inserting provisions which gave FEGLI Policy with preemptive effect over inconsistent state law. This amendment, codified at 5 U.S.C.§ 8709(d)(1), provides, in pertinent part, as follows:

> The provisions of [the FEGLI] contract . . . which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supercede and preempt any law of any State or political subdivision thereof, or any regulation issued thereunder, which relates to group life insurance to the extent that the law or regulation is inconsistent with the [FEGLI Policy] contractual provisions.

5 U.S.C. § 8709(d)(1).

Metropolitan Life Insurance Company, No. 98 M 20077 (Arnold, J. June 29, 2001)(hereinafter "Ortega"), this court must determine whether FFS' state law claims against MetLife: (1) are based on a state laws or regulations issued thereunder; (2) relate to group life insurance; and (3) are inconsistent with the provisions of the policy of insurances issued by MetLife to OPM..

In this case, FFS' claims satisfy all three requirements and therefore is preempted by FEGLIA. FFS' complaint is comprised of state claims alleging "intentional misrepresentation" and "unreasonable and vexatious delay of payment" pursuant to Section 155 of the Illinois Insurance Code. The United State's Supreme Court has interpreted the phrase state law to include a state's common law, as well as its statutes and regulations. Cipollone v. Ligget Group, Inc., 505 U.S. 504, 522 (1992) ("[a]t least since Erie R. Co. v. Thompkins, 304 U.S. 64 (1938), we have recognized the phrase 'state law' to include common law as well as statutes and regulations.")

As to the second requirement, the Seventh Circuit addressed the "relates to" language in a claim under FEGLI policy in Metropolitan Life Insurance Co. v. Christ, 979 F.2d 575, 579 (7th Cir. 1992). In holding that the plaintiff's state-law claim for payment under the provisions of a divorce decree were preempted by FEGLIA, which required payment to other persons, the Seventh Circuit stated:

> This clause broadly preempts any state law that is inconsistent with the FEGLIA master policy. The ordinary meaning of the term 'relates to' is broad: to stand in some relation; to have bearing or concern; to pertain; refer to bring into association with or connection with .Moreover, a state law need not specifically address the subject of the federal law to relate to that subject: [A] state law may 'relate to' a benefit plan, and thereby be preempted, even if the law is not specifically designed to affect such plans, or effect is only indirect."

4

preempted, even if the law is not specifically designed to affect such plans, or effect is only indirect."

Christ, 979 F.2d at 579 (citations omitted).

In this case, FFS' seeks the payment of insurance proceeds under the FEGLI Policy that were previously paid to other beneficiaries pursuant to the terms of the policy and FEGLIA. Consequently, the claims have bearing upon the FEGLI Policy.

Lastly, FFS seeks payment of the Proceeds to someone other than the person who was entitled to the Proceeds under the FEGLI Policy and therefore FFS' claims are directly in conflict with FEGLIA. FFS argues that MetLife, through OPM agent Janet McDonald, is responsible for FFS' acceptance of the assignment of Carters' Proceeds. FFS does not offer, however, any evidence which suggests that (1) an employee of OPM, a federal agency, is in turn, an agent for MetLife or (2) MetLife employed, directed or controlled the OPM employee who sent the letter to FFS. Without such evidence, this court can not find that a genuine issue of material fact exists in this dispute. Accordingly, this court finds that FFS' state law claims are preempted pursuant to Section 8709(d)(1) of FEGLIA.

In the alternative, there is another basis on which FFS' claims must fail. In this case, as in Ortega, the entire amount of proceeds payable under the Insured's FEGLI Policy has already been paid to Washington; thus any additional payment to FFS would be in excess of the contractually and statutorily authorized benefit amount. Such a payment is prohibited by FEGLIA and, in addition, would constitute an unauthorized withdrawal from the United States Treasury. Ortega, at 8-9. FFS is not entitled to relief under FEGLIA, and therefore its claims must be dismissed.

5

**Conclusion**

For the foregoing reasons, the defendant's motion for summary judgment is GRANTED.

Enter:

_David H. Coar_

David H. Coar

United States District Judge

Dated: 10/29/01